```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
JAMES M. WOODASON,                        :    13 Civ. 2020 (DLC)
                                          :    10 Cr.  1156 (DLC)
                    Petitioner            :
                                          :
          -v-                             :
                                          :    OPINION AND ORDER
UNITED STATES OF AMERICA,                 :
                                          :
                    Respondent.           :
                                          :
------------------------------------------X
```

APPEARANCES

For the Petitioner:

Stephen M. Smith
1425 N. Broad Street, Suite 201
New Orleans, LA 70119


For the Respondent:

Benjamin Sirota
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, NY 10278


DENISE COTE, District Judge:

    On March 26, 2013, James Woodason ("Woodason") filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. Woodason asserts that his defense counsel, a member of the Federal Defender's Office in this district, provided ineffective assistance of counsel to him. Because his petition was filed more than a year after the one-year statute of

limitations for the filing of habeas petitions and because he has failed to demonstrate a basis for equitable tolling, his petition is denied.

BACKGROUND

On August 3, 2010, a criminal complaint was filed against Woodason. On November 19, he pleaded guilty pursuant to a plea agreement to a four-count Information charging him with a scheme to defraud his former employer, Con Edison. The plea agreement contained a customary waiver of appellate rights and the right to bring a habeas petition, conditioned on the sentence not exceeding the sentencing guidelines range.

On December 9, 2011, Woodason was sentenced principally to 70 months' imprisonment, which was at the bottom of his guidelines range. Judgment was entered on December 15. His conviction became final on December 29, when his time to file an appeal expired.

On January 17, 2013, Woodason's attorney requested a 60-day extension to file a § 2255 petition. The request was denied on January 23, in an order that cited Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001), and explained that, because the Court lacked jurisdiction to consider Woodason's request, the timeliness of any § 2255 petition Woodason chooses to file would be considered in due course.

On March 26, 2013, Woodason's petition and supporting memorandum of law were docketed. In an Order of April 1, the Court, having concluded that the timeliness of the petition should be addressed before reaching the merits, ordered the Government to file a response to the petition. The Government filed its response on May 29, and Woodason his reply on July 12.

DISCUSSION

AEDPA provides a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255, which begins to run from the latest of a number of triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," id. § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. § 2244(d)(1)(D). The appropriate triggering event here is the expiration of Woodason's time for seeking appellate review: December 29, 2011. Accordingly, his time to file a habeas petition expired on December 29, 2012. Woodason's petition was not docketed until March 26, 2013 -- almost three months after the one-year deadline had passed.

The one-year limitations period for § 2255 petitions may be equitably tolled "where the petitioner shows (1) that he has

3

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  The determination that circumstances faced by petitioner were "extraordinary" "depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period." Id. (citation omitted).  As a general matter, "a garden variety claim of excusable neglect," id. (citation omitted), and "the usual problems inherent in being incarcerated" are insufficient to warrant equitable tolling. Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003).

"[M]edical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). Generally, however, "a party seeking equitable tolling based on a medical condition or hospitalization would be expected to provide corroborating evidence of the condition and its severity." Id. at n.4.

In addition to demonstrating the existence of extraordinary circumstances, petitioner "must further demonstrate that those circumstances caused him to miss the original filing deadline."

4

Id. at 137.  The requisite causal link may be lacking "where the identified extraordinary circumstances arose and concluded early within the limitations period," because in such cases "a diligent petitioner would likely have no need for equity to intervene to file within the time remaining to him."  Id.

Woodason seeks equitable tolling on the ground that he was unable to file timely his petition due to his medical circumstances.  He alleges in his reply that, upon entering the federal detention facility, he was immediately hospitalized for treatment and care of his prostate cancer and diabetes.  It was not until July 2012 that he was released to the general prison population and able to access the prison law library and speak with jailhouse lawyers.  Woodason asserts that it was not until January 2013 that he became aware of how to attack his sentence under § 2255.

These circumstances do not warrant equitable tolling. Woodason has established neither an "extraordinary" circumstance nor the causal link necessary to warrant equitable relief. Woodason has failed to provide any evidence that corroborates the severity of his medical condition, despite making the seriousness of his condition central to his claim of an "extraordinary" circumstance.  Cf. Harper, 648 F.3d at 137 n.4. Additionally, because the alleged extraordinary circumstance concluded in July 2012 -- five months before the one-year

5

statute of limitations expired in December 2012 -- Woodason has failed to establish any "need for equity to intervene" on his behalf.  Id. at 137.

Woodason makes principally two arguments in response, neither of which is persuasive.  First, Woodason invokes an alternative triggering event for the statute of limitations.  He contends that, because he was unable to conduct legal research until July 2012, when he was released from the hospital, July 2012 is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), and thus the one-year statute of limitations expired in July 2013, not December 2012.  This argument fails.  "[I]t should go without saying that a factual predicate must consist of facts.  Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim."  Rivas, 687 F.3d at 535.  Woodason was allegedly unable to discover legal conclusions, not the factual predicates giving rise to his claim.

Second, to establish causation, Woodason seeks to analogize his circumstances to those in Harper, in which equitable tolling was granted.  648 F.3d at 142.  Harper, however, concerned a situation in which an inmate, with 78 days left in the limitations period, was hospitalized for 98 days.  Id. at 135.

6

Because Harper's hospitalization occurred immediately prior to and through the deadline, the causal link between the alleged extraordinary circumstance and the missed deadline was sufficiently strong that the Court of Appeals stated that the respondent "does not [] and cannot [] argue that this case presents such a causation concern."  Id. at 138 (emphasis added).  Woodason's hospitalization, by contrast, concluded five months before the deadline for his habeas petition.  Thus Harper provides no assistance to Woodason in demonstrating causation.

CONCLUSION

Woodason's March 26, 2013 petition for a writ of habeas corpus is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>Rodriquez v. Scully</u>, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.


    SO ORDERED:

Dated:    New York, New York
          February 20, 2014

                                        _____
                                              DENISE COTE
                                        United States District Judge