```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
JAMES M. WOODASON,                        :    13cv2020 (DLC)
                                          :    10cr1156 (DLC)
                Petitioner                :
                                          :
       -v-                                :
                                          :    MEMORANDUM OPINION
UNITED STATES OF AMERICA,                 :        AND ORDER
                                          :
                Respondent.               :
                                          :
------------------------------------------X
```

APPEARANCES

For the Petitioner:

Stephen M. Smith
1425 N. Broad Street, Suite 201
New Orleans, LA 70119

DENISE COTE, District Judge:

    Through his attorney, petitioner James M. Woodason brings a motion for relief from judgment under Fed. R. Civ. P. 60(b). For the following reasons, the motion is treated as a successive petition for a writ of habeas corpus. Woodason shall have thirty days to withdraw the motion, or it shall be referred to the Court of Appeals as a successive petition.

    In 2010, Woodason entered a plea of guilty to a four-count Information charging him with a scheme to defraud his former employer, Con Edison. On December 9, 2011, Woodason was sentenced principally to seventy months' imprisonment. Woodason did not appeal.

On March 26, 2013, Woodason filed a petition for a writ of habeas corpus. On February 20, 2014, the petition was denied as untimely, and the Court declined to issue a certificate of appealability. Woodason v. United States, 13cv2020 DLC, 2014 WL 657529, at *3 (S.D.N.Y. Feb. 20, 2014). Woodason neither sought reconsideration of that decision nor filed an appeal from it. At this point, a motion to reconsider the February 20, 2014 decision would itself be untimely. See S.D.N.Y. Local Rule 6.3 ("[A] notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . .").

On August 27, 2014, Woodason filed the instant motion. Although styled as a motion for relief from judgment under Rule 60(b), it is in substance a renewed petition for a writ of habeas corpus. The current motion again attacks the underlying conviction on the ground that Woodason received ineffective assistance from his attorney. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) ("[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with" the option to "treat the Rule 60(b) motion as a second or successive habeas petition . . . ." (citation omitted)).

Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244 provides

that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Therefore, a second or successive habeas petition filed initially in the district court must be transferred to the court of appeals.  Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).  The Second Circuit has stated that district courts should

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to [the court of appeals] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

Harris, 367 F.3d at 82 (citation omitted).

Woodason seeks to circumvent the one-year time limitation for filing a habeas petition by invoking the excusable neglect doctrine.  It is true that under Fed. R. Civ. P. 60(b)(1), "excusable neglect" provides a reason for which "the court may relieve a party . . . from a[n] . . . order."  But Woodason's excuses for failing to file his habeas petition on time were already considered and rejected in the February 20, 2014 decision denying the petition on the ground of untimeliness.  Woodason, 2014 WL 657529, at *2-3.  And the instant motion

3

offers no analysis or facts to suggest that the February 20, 2014 decision was incorrect.  Accordingly, it is hereby

ORDERED that petitioner is given notice of the Court's intent to treat the motion as a successive habeas petition and given thirty days to withdraw the motion, if he elects to do so. If petitioner does not withdraw the motion within thirty days, it will be transferred to the U.S. Court of Appeals for the Second Circuit for treatment as a successive petition.

Dated:    New York, New York
          September 4, 2014

_____
DENISE COTE
United States District Judge